```
        IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
          MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION
```

| | |
|---|---|
| QUALITY FIRST PRODUCE, )<br>INC.,                    )<br>                         )<br>     Plaintiff,         )<br>                         )<br>     v.                  )<br>                         )<br>STATE LINE PRODUCE, LLC, )<br>and JAMES THRASHER and  )<br>WAYNE HEADLEY, each      )<br>individually,            )<br>                         )<br>     Defendants.         ) | CIVIL ACTION NO.<br>  2:10cv769-MHT<br>      (WO) |

OPINION AND ORDER

Plaintiff Quality First Produce, Inc. brings suit against defendants State Line Produce, LLC, James Thrasher, and Wayne Headley, for violations of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. § 499a et seq., and state claims for breach of contract and fiduciary duty. Jurisdiction over Quality First's federal claim is proper pursuant to 7 U.S.C. § 499(e)(c)(5) and 28 U.S.C. § 1331 (federal question); jurisdiction over the company's state claims is proper under 28 U.S.C. 1367 (supplemental jurisdiction). Headley

has been dismissed from the case, and Quality First has not yet perfected service on Thrasher.  This case is now before the court on Quality First's motion for an entry of default judgment against State Line.  For the reasons that follow, the motion will be granted, albeit only as to liability at this time.

This case concerns a series of contracts entered into by Quality First and State Line, under which Quality First agreed to sell perishable agricultural commodities (produce) to State Line.  On several occasions, Quality First delivered produce to State Line under the contracts.  However, according to Quality First, State Line has failed to pay for the delivered produce, despite repeated demands for payment.

Quality First submitted a motion for entry of default judgment against State Line after it failed to answer or otherwise respond to the complaint within the time allowed by law.  By order of this court, State Line had until January 21, 2011, to show cause as to why the motion for

entry of default judgment should not be granted.  State Line did not respond to the court's order.

Quality First requests damages in the amount of $ 48,780.97 plus further interest at the rate of 1.5 % per month until the judgment is fully satisfied.  Quality First calculates this amount as follows:

| Principal amount due to plaintiff | $ 46,335.70 |
| Pre-judgment interest (contract rate) | 8,417.12 |
| Attorneys' fees and costs per contract | 14,008.15 |
| Credit from settlement with Headley | - 20,000.00 |

"[J]udgment of default awarding cash damages [may] not properly be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation.  Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts."  Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1543-44 (11th Cir. 1985) (internal quotations and citations omitted).

First, Quality First has provided the court with an affidavit by Jerry Baumberger, the company's credit manager. Baumberger's affidavit establishes that the principal amount due to the company is $ 46,335.70; that pre-judgment interest amount due to the company is $ 8,417.12; and that the company is owed further interest at the rate of 1.5 % per month until the judgment is fully satisfied. Baumberger's affidavit also establishes that State Line is responsible for paying Quality First's attorneys' fees. However, while Quality First's application for judgment states that the company is owed attorneys' fees in the amount of $ 14,008.15, Baumberger's affidavit does not provide an accounting of these fees, nor has Quality First provided any other evidence that would provide an accounting.

Second, while Quality First's application for judgment states a credit in the amount of $ 20,000.00 from the settlement with Headley, Quality First has provided no evidence to confirm that a settlement was made in this amount.

4

Third and finally, while Quality First requests damages in the amount of $ 48,780.97, there appears to be a miscalculation.  The total sum of the figures provided by Quality First ($ 46,335.70 + $ 8,417.12 + $ 14,008.15 - $ 20,000.00) is $ 48,760.97, not $ 48,780.97.  Thus, Quality First must modify its request or else address this discrepancy in some other way.

The court therefore finds that further evidence from Quality First is necessary to determine the amount of damages.  Fed. R. Civ. P. 55(b)(2).

Accordingly, it is ORDERED as follows:

(1) Plaintiff Quality First Produce, Inc.'s application for judgment by default (doc. no. 22) is granted.

(2) Default judgment is entered in favor of plaintiff Quality First Produce, Inc. and against defendant State Line Produce, LLC.

(3) The issue of damages is set for submission, without oral argument, on February 7, 2011.  The parties

are to submit to the court by that date all evidentiary materials on the issue of damages.

DONE, this the 24th day of January, 2011.

    /s/ Myron H. Thompson
  UNITED STATES DISTRICT JUDGE