IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| QUALITY FIRST PRODUCE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:10cv769-MHT |
| ) | (WO) |
| STATE LINE PRODUCE, LLC, ) | |
| and JAMES THRASHER, ) | |
| individually, ) | |
| ) | |
| Defendants. ) | |

OPINION

This court entered a default judgment against defendant State Line Produce, LLC. and in favor of plaintiff Quality First Produce, Inc. on the issue of liability. Quality First Produce, Inc. v. State Line Produce, LLC, 2011 WL 231763 (M.D. Ala. 2011). The issue of damages was set for submission on February 7, 2011. Quality First filed its evidentiary materials on that day. Quality First now requests damages in the amount of $ 53,101.07 plus further interest in the rate of 1.5 % per month until the judgment is fully satisfied. State Line has not filed a response.

Quality First's lawyer provides a declaration that indicates the amount of fees through December 31, 2010, is $ 14,955.10. There is supporting documentation for most, but not all, of these fees. Although there are no objections, the court finds inadequacies in Quality First's evidentiary materials. Accordingly, the court makes three deductions for the reasons that follow.

First, Quality First's lawyer states that counsel will bill Quality First $ 1,765.50 for handling the case between January 1, 2011, to February 4, 2011. There is no itemization, and thus the lawyer's claim in the declaration is the only evidence for those fees.

Second, with respect to the fees through December 31, Quality First's itemization is missing a page from one bill. As a result, $ 967.50 in fees is unaccounted for and thus not itemized.

Third, Quality First's lawyer charges for "local counsel fees" on two occasions. These charges total $ 3,049.96. There is no further explanation as to what these "local counsel fees" are.

2

"[J]udgment of default awarding cash damages [may] not properly be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation.  Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts."  Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1543-44 (11th Cir. 1985) (internal quotations and citations omitted).  Thus, the court makes the following deductions from Quality First's requested amount:

| Requested Amount | $ 53,101.07 |
|---|---|
| 2011 Attorneys Fees | - 1,765.50 |
| No Itemization Due to Missing Page | - 967.50 |
| Local Counsel Fees | - 3,049.96 |
| Total | $ 47,318.11 |

The court recognizes that Quality First has requested pre-judgment interest at the rate of 1.5 % per month and that the requested amount in damages accounts only for interest up to February 2011.  Quality First shall be

3

entitled to further interest until the judgment is satisfied.

***

An appropriate judgment will therefore be entered in favor of Quality First and against State Line in the amount $ 47,318.11 plus pre-judgment interest from February 8, 2011, until the date of this opinion as well as post-judgment interest until the judgment is satisfied.

DONE, this the 15th day of December, 2011.

                       /s/ Myron H. Thompson
                      UNITED STATES DISTRICT JUDGE